UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Hamm, *a/k/a Michael Eugene Hamm*; Jimmy E. Blessing; William Hunnicutt; William F. Brinson; Steve Miller; Robert Ferguson; David Morris; Kenneth Campbell, <br><br>　　　　　　　　　　　　　Plaintiffs, <br><br> vs. <br><br> Ms. Holly Scaturo, *Director*; Ms. Poholchck, *BMC*; Ms. Helff, BMC; Capt. Abney, *Dept. Of Public Safety*; Lt. Jacobs, *Dept. Of Public Safety*; Dr. Gothard, *Psychologist*; Ms. Jones, *Case Manager/CC*; Wheeler, *Case Manager*; Ms. Goodwin, *Case Manager*; Mr. Jones, *Case Manager*; Ms. Nance, *Case Manager*; Ms. Sutton, *Case Manager*; Ms. Fredricks, *Case Manager*; Mr. Morton, *Activity Therapy Supervisor*; Ms. Garner, *Paralegal*, <br><br>　　　　　　　　　　　　　Defendants. | C/A No. 9:15-4079-RMG-BM <br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

　　　　This action was originally filed by the Plaintiffs,[1] pro se, in the South Carolina Court of Common Pleas. Plaintiffs are all confined at the South Carolina Department of Mental Health (SCDMH) as part of the Sexually Violent Predator (SVP) Treatment Program pursuant to the South Carolina SVP Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170. The Defendants thereafter removed this action to federal court, asserting federal question jurisdiction on the grounds that




---

[1]Ronald M. Owen and Mark Sharpe were also originally Plaintiffs to this action, but they filed a notice of voluntary dismissal on January 11, 2016. See ECF No. 11.

Plaintiffs' Complaint raises issues of federal law (claims under the First and Fourteenth Amendments). Defendants filed their Answer to the Complaint on October 8, 2015.

On November 23, 2015, Plaintiff Michael E. Hamm filed a motion for default judgment, purportedly on behalf of all of the Plaintiffs, in which he requests a default judgment, class action certification, and appointment of counsel. ECF No. 16. Plaintiff Hamm had also previously filed a response to Defendants' answer on October 21, 2015, in which he argued that the Defendants are in default, and provided a copy of his motions (filed in the state court) for class action certification and appointment of counsel (ECF No. 9-1, at 19-21), and for default judgment (ECF No. 9-1 at 25-26).

Due to the nature of these motions, and the convoluted nature and posture of this case and Plaintiffs' allegations, the undersigned has issued this Report and Recommendation to set forth a path forward for consideration of this case and these claims.

## Joint Representation

Initially, the undersigned is constrained to note that Plaintiff Hamm asserts that he has filed the motions referenced hereinabove on behalf of all the Plaintiffs and that he is the litigant for the Plaintiffs. However, a pro se Plaintiff may not represent other Plaintiffs. See Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for other]; Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)[a pro se prisoner unassisted by counsel cannot be an advocate for others in a class action]; Inmates v. Owens, 561 F.2d 560, 562-563 (4th Cir. 1977)[one pro se inmate does not have standing to sue on behalf of another inmate]. Therefore, Plaintiff Hamm may not represent, or file motions on behalf of, anyone in this case other than himself. See also Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005)[finding



2

that a <u>pro se</u> person's right to litigate for oneself does not create a similar right to litigate on behalf of others]; <u>Asad v. Arab Bank, PLC</u>, 117 F. App'x 466, 467 (7th Cir. Nov. 12, 2004)[Plaintiff who is not a lawyer may not represent the interests of any other litigant].

## Motion for Default Judgment

In his motion for default judgment (ECF No. 16, <u>see also</u> ECF Nos. 9, 9-1), Plaintiff Hamm asserts that the Defendants were served on September 1, 2015 (<u>see</u> ECF No. 9-1),[2] and that Defendants are in default because they did not file an answer within thirty days[3] (by filing an answer on or before October 1, 2015). However, Defendants filed their notice of removal on October 1, 2015, within thirty days of service; <u>see</u> 28 U.S.C. § 1446 ["The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief...."]; and in a removed action, "[a] defendant who did not answer before removal must answer...within the longest of....(C) 7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2). Defendants filed their Answer on October 8, 2015. (<u>See</u> ECF No. 7). Thus, Defendants timely filed their answer in this Court, and Plaintiff Hamm's motion for default judgment should therefore be denied.

## Motion for Certification as a Class Action

Plaintiff Hamm also requests that this action be certified as a class action and that counsel be appointed. ECF No. 16, <u>see also</u> ECF No. 9-1. Defendants contend that Plaintiff Hamm's motions should be denied because Plaintiff Hamm, as a <u>pro se</u> litigant, may not <u>pro se</u>

---

[2]The proof of service documents indicate that service was not accepted for Defendant Darius Jones, as Jones was no longer an employee at the time of service. ECF No. 9-1 at 7.

[3]The South Carolina Rules of Procedure provide, "A defendant shall serve his answer within 30 days after the service of the complaint upon him...." S.C. R. Civ. P. 12(a).



3

pursue a class action or represent the interests of other persons in the SVP Treatment Program. ECF No. 17.

Plaintiff carries the burden of establishing each of the requirements for a class action. See, e.g., Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 321 (4th Cir. 2006)["[I]t is the plaintiff who bears the burden of showing that the class *does comply* with Rule 23."] (emphasis in original). Rule 23(a) provides that one or more members of a class may sue as representative parties on behalf of all members only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule — that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc. We recognized in Falcon that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," 457 U.S. at 160, 102 S.Ct. 2364, and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," id., at 161, 102 S.Ct. 2364; see id., at 160, 102 S.Ct. 2364 ("[A]ctual, not presumed, conformance with Rule 23(a) remains ... indispensable"). Frequently that "rigorous analysis" will entail some overlap with the merits of the plaintiffs underlying claim. That cannot be helped.

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S.Ct. 2541, 2551-52 (2011).

Courts have characterized the four requirements of Rule 23(a) as the requirements of numerosity, commonality, typicality, and adequacy of representation, with "the final three requirements of [the rule] 'tend[ing] to merge,' [so that] commonality and typicality '[serve] as guideposts for determining whether . . . maintenance of a class action is economical and whether the



named plaintiffs claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" Brown v. Nucor Corp., 576 F.3d 149, 152 (4th Cir. 2009) (quoting Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 337 (4th Cir. 1998)); see also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. at 2551 n.5. In addition to satisfying the requirements enumerated in Rule 23(a), Plaintiffs must also demonstrate that the putative class satisfies one of the three sub-parts of Rule 23(b) that:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>
>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.



5

Fed.R.Civ.P. 23(b).

Here, certification of a class as requested by the Plaintiff Hamm is not appropriate because Plaintiff Hamm does not meet the requirements of Fed. R. Civ. P. 23(a)(4), i.e., that he will be able to "fairly and adequately protect the interests of the class." This requirement is met if it appears that (1) the lead plaintiff has interests in common with, and not antagonistic to, the proposed class's interests; and (2) the lead plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation. See Simpson v. Specialty Retail Concepts, Inc., 149 F.R.D. 94, 102 (M.D.N.C.1993); In re Kirschner Med., 139 F.R.D. 74, 79 (D.Md. 1991); see also Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562 (2nd Cir. 1968), vacated and remanded on other grounds, 417 U.S. 156 (1974). Looking initially at the second criteria, there is no "lead attorney" in this case, or indeed any attorney at all, and it is well settled that this circuit does not certify a class where a pro se litigant or litigants are attempting to act as representatives of that class. See Kirby v. Blackledge, 530 F.2d 583, 588 (4th Cir. 1976). Hence, the adequacy of representation requirement cannot be met where Plaintiffs are proceeding pro se. See Gevara v. Bennett, 472 F. App'x 187, 187–88 (4th Cir. 2012)[affirming denial of motion to amend as futile where prisoner proceeding pro se wished to bring class action]; Oxendine v. Williams, 509 F.2d at 1407 ["[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."]. Additionally, in his motion for class certification, Plaintiff merely states that he is seeking certification as a class action pursuant to Rule 23; see ECF No. 9-1 at 20; ECF No. 16 at 1; and does not address the four requirements of 23(a) and the requirements of 23(b).



6

Therefore, as Plaintiff Hamm fails to meet the requirements for class certification under Rule 23, his motion to certify a class in this case should be denied.[4]

### Motion for Appointment of Counsel

Plaintiff Hamm also requests appointment of counsel pursuant to Federal Rule of Civil Procedure 23. See ECF No. 9-1 at 20; ECF No. 16 at 1. Defendants argue that the motion for appointment of counsel should be denied because this case does not qualify as an exceptional case in which appointment should be made, and that in any event Plaintiff Hamm may not make this motion on behalf of the other Plaintiffs. ECF No. 17. The undersigned agrees.

While Rule 23 provides that "a court that certifies a class must appoint class counsel," as discussed above, class certification should be denied in this case. Further, "[i]n a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment." Fed. R. Civ. P. 23(g) Advisory Committee Notes, 2003 Amendments, Subdivision (g), Paragraph (2). Rule 23(g) provides that in appointing class counsel, the Court should consider the work already done by counsel in identifying and investigating potential claims, counsel's experience in handling other class actions and/or complex litigation, counsel's knowledge of the applicable law, and the resources that counsel will commit to representing the class. Hence, Rule 23(g) presumes that, in the typical class action, the court will be approving the appointment of counsel who has previously applied for such appointment. Here, Plaintiff Hamm does not indicate that he has attempted to retain counsel in this case, and offers no suggestion as to whom the Court should appoint to serve as class counsel. Plaintiff Hamm may not represent a class or seek

---



[4]The undersigned notes that some of the Plaintiffs have filed another motion to certify a class action. This motion should also be denied for the reasons discussed above.

7

appointment of counsel for others pro se, and is not entitled to appointment of counsel in this case as presented.

Further, there is no constitutional right to appointed counsel in § 1983 cases. Cf. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases or in non-capital habeas corpus cases; 53 Comp. Gen. 638 (1974); and while the district court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). There are no exceptional circumstances presented here. Rather, Plaintiff Hamm's claims are more or less typical of the types of claims asserted by persons committed to the SVP program, and which are litigated pro se on a regular basis in this Court.[5]

Therefore, Plaintiff Hamm's motion for appointment of counsel should be denied.[6]

### Evaluation of Allegations Presented

If the recommendations hereinabove are adopted by the Court, the question then becomes what claims have been properly presented, and whether this case should be allowed to

---

[5] Indeed, Plaintiff Hamm already has numerous other pro se cases currently pending in this Court. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ["The District Court clearly had the right to take notice of its own files and records."].

[6] Although the undersigned would normally enter an order on this motion, since it is in part related to Hamm's request of a class certification, it has been incorporated into this Report and Recommendation.

8

proceed as presented as one action. After careful review and consideration of the Complaint and the allegations presented, the undersigned concludes as follows:

It is readily apparent that Plaintiffs' 298 page rambling complaint (which asserts twenty-one (21) separate causes of action against fifteen (15) different Defendants, with various exhibits being interspersed throughout the pleading) fails to comply with Fed.R.Civ. P. 8(a), which requires a pleading to set forth a "short and plain statement of the claim" and the relief requested. Instead, the allegations contained in the Complaint are presented in such a rambling, disjointed and confusing fashion as to make it difficult to determine who, exactly, Plaintiffs are intending to sue with respect to some of their disparate claims and for what, exactly, certain Defendants are being sued.. Indeed, many of the allegations of the Complaint are so incomprehensible and filled with what could only be considered by a reasonable person is unconnected, conclusory, unsupported statements, or "gibberish", that they do not state a cause of action. See Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) [Noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"].

The mandated liberal construction afforded to pro se pleadings means that if a court can reasonably read the pleadings to state a valid claim on which a Plaintiff could prevail, it should do so, but a District Court may not construct a Plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Furthermore, it is well settled that federal courts are not required to be "mind readers" for pro se litigants, and if a Complaint's lack of clarity makes it unintelligible, sua sponte, dismissal under Fed.R.Civ.P. 8(a) is permitted, even where the filing fee has been paid.[7] See,

---

[7] The filing fee in this case was actually paid by the Defendants, upon removal of this case to federal court, not by the pro se Plaintiffs, who filed this case in forma pauperis in state court
(continued...)

9

e.g., United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003); Davis v. Ruby Foods, Inc., 269 F.3d 818 (7th Cir.2001); Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000); In re Westinghouse Sec. Litigation, 90 F.3d 696, 703 (3d Cir. 1996); cf. Conner v. Greef, No. 03-59886, 2004 WL 898866, at * * 1 (6th Cir. Apr. 26, 2004) [Even where filing fee has been paid, district court may dismiss claims sua sponte where they are "totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion"], citing Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999), cert denied, 528 U.S. 1198 (2000).[8] Even so, in light of Plaintiffs' pro se status, the undersigned has made every possible effort to "cull out" prosecutable claims and has spent considerable time reviewing and evaluating the allegations of the 298 page pleading with an eye towards liberally construing Plaintiffs' allegations to allow for the presentation of a potentially meritorious claim or claims and to determine the proper path forward. As part of this effort, the undersigned has further considered Plaintiffs' allegations pursuant to the requirements of Fed.R.Civ.P. 20 and 21, which allow a court to consider the question of joinder either on motion "or on its own".

---

[7](...continued)
without payment of the filing fee. See Richland County 5th Judicial Circuit Public Index, http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40002&Casenum=2015CP4004785&CaseType=V (last visited Jan. 20, 2016). However, given that the filing fee has been paid, the undersigned has not considered Plaintiffs' filing under the Prison Litigation Reform Act (PLRA) requirements relating to cases filed pursuant to 28 U.S.C. § 1915, but rather by the other rules and standards set forth hereinabove.

[8]It is also apparent to the undersigned that Plaintiffs, in support of their claims in this action, have stated allegations that are very similar to allegations made by Plaintiff Hamm in other cases pending before this court. See Hamm v. Scaturo, Civil Action No. 9:15-4668-RMG-BM; Hamm v. Scaturo, Civil Action No. 9:15-2734-RMG-BM (D.S.C.), Hamm v. Alexander, Civil Action No. 9:15-4400-RMG-BM. The undersigned also notes there is significant overlap between Plaintiff Hamm and Defendants across the pending cases. Id. This litigation tactic is potentially confusing as it places the same allegations and overlapping parties before the Court in three different cases.

10

**Viable Claims.** Turning then to the allegations of the Complaint (liberally construed in an effort to allow Plaintiffs to present a potentially viable claim), the undersigned has determined that the following causes of action set forth claims in which all Plaintiffs collectively assert potentially viable claims against certain Defendants. These claims should be deemed to have alleged the following claims against the Defendants cited with respect to each claim.

In Plaintiffs' **fourth** cause of action, Plaintiffs collectively assert a claim against the Defendants Scaturo, Poholchck and Garner for failure to provide adequate access to legal assistance and/or resources, including a law library and computers.

In Plaintiffs' **fifth, seventh** and **twenty-first** causes of action, Plaintiffs assert general conditions of confinement claims against Scaturo, Poholchck, Helff, Ms. Jones, Wheeler, Goodwin, Mr. Jones, Nance, Sutton, and Fredricks.[9]

In Plaintiffs' **sixth** cause of action Plaintiffs alleged that the requirements of the cited state code (S.C. Code Ann. § 44-48-110), which Plaintiffs allege require periodic mental examinations of committed persons, are not being complied with. This cause of action is being alleged against the Defendant Garner.

In their **ninth** cause of action, Plaintiffs allege a First Amendment claim relating to rules of the facility that restrict inmates' ability to write or visit each other, as well as challenging the facility's policies on receipt and distribution of magazines and pictures. This claim is asserted

---

[9]Plaintiff Hamm (particularly in Plaintiff's fifth cause of action) asserts several conditions of confinement claims that are particular to him alone. These allegations will require individualized findings specific to Hamm. Similarly, any damages, if awarded, would also need to be determined individually for Hamm. Therefore, those claims should be dealt with separately, with only those conditions of confinement claims as apply to all of the Plaintiffs collectively being allowed to go forward as part of this action. See, discussion, infra.



11

against the Defendants Poholchck, Ms. Jones, Wheeler, Goodwin, Mr. Jones, Nance, Sutton, Fredricks and Helff.

Plaintiffs' **twelfth** and **twentieth** causes of action can be liberally construed as asserting that the South Carolina Sexually Violent Predator Statute requiring continuing detainment of these individuals based on general dangerousness is unconstitutional. While no particular Defendant is separately named in these causes of action, they should be construed as being asserted against the Defendant Scaturo (Program Director).

In their **thirteenth** cause of action, Plaintiffs generally assert that particular policies maintained by the Institution are unconstitutional, including such policies as not allowing radios to be left in chairs, no exchanging of canteen items, no earplugs unless approved by a doctor, and the like. Plaintiffs also continue to complain about the general condition of their confinement, to include visitation restrictions and restrictions on access between dorms. This cause of action is asserted the Defendants Scaturo, Poholchck, Ms. Jones, Wheeler, Goodwin, Mr. Jones, Nance, Sutton, Fredricks, Gothard, and Morton.

In their **fourteenth** and **seventeenth** causes of action, Plaintiffs complain that they want a coffee and milk machine set up at the facility that is available to inmates all day, and also generally complain that they are forced to eat in a "caveman" fashion (although even Plaintiffs' admit that they are not sure what actual relief they need or are requesting with respect to this claim). These claims are asserted against the Defendants Scaturo and Poholchck.

In their **fifteenth** cause of action, Plaintiffs complain that the prices at the canteen are too high. This cause of action is asserted against the Defendants Scaturo and Poholchck.

12

In their **سixteenth** cause of action, Plaintiffs ask that the facility's alleged policy requiring detainees such as themselves to be handcuffed and shackled when they are transported from the facility be "voided", and that the Defendants instead be required to make a determination as to whether this is required "on a individual basis". This claim is asserted against the Defendants Scaturo, Poholchck, Abney, and Jacobs.

In their **eighteenth** cause of action, Plaintiffs allege that their civil rights are being violated because the staffing levels at the facility is "inadequate" and "improper". Plaintiffs specifically argue that the staffing at the facility should be "racially balanced".[10] This claim is asserted against the Defendants Scaturo, Poholchck, and Jacobs.

In their **nineteenth** cause of action, Plaintiffs set forth an equal protection claim, asserting that the inmates in the Edisto and Congaree Dorms do not receive equal treatment, with inmates in the Congaree Dorm generally receiving more favorable treatment.[11] Plaintiffs further challenge the general "treatment levels" established by the facility within the programs of the facility (specifically citing the red, green and blue treatment levels as being discriminatory).

All of these causes of action should be allowed to proceed against the Defendants cited in each individual cause of action, and with respect to the *general* claims set forth in these causes of action as described hereinabove. However, to the extent any individual Plaintiff wishes to pursue any particular claim relating to any of these issues which relate only to that Plaintiff, and which would require individualized fact finding and/or damages assessment, that claim should not

---

[10] Although not clear in the pleadings, apparently all of the named Plaintiffs in this action are white.

[11] It is not clear from the pleading which Plaintiffs reside in which dorm.

13

be allowed to be asserted by that Plaintiff in this case, as it would not be proper to have such individual claims adjudicated as a subset of the overall prosecution of this lawsuit. See Rule 20(a), Fed.R.Civ.P. 20(a) [Providing that persons may join in one action as plaintiffs if they assert a right to relief "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" or with respect to "any question of law or fact common of all Plaintiffs".[12] Rather, with respect to any such separate claim, they should be severed out and pursued as a separate action. See Fed.R.Civ.P. 21 [Court may sever any claim against a party on its own motion].

These claims would include Plaintiffs **third** cause of action relating to conduct or actions of the Behavioral Management Committee, which involves no Plaintiff other than the Plaintiff Hamm, and for which Hamm makes specific claims, as well as the specific claims relating solely to Plaintiff Hamm as are set forth in Plaintiffs' **fifth** cause of action relating to conditions of confinement at the facility. See n. 8, supra. With respect to those two claims, it is recommended that the Court sever these claims under Rule 21. See Fed.R.Civ.P. 20; 7 Wright, Miller, & Kane, Federal Practice and Procedure, § 1652 (3d ed. 2001) [discussing the court's discretion to deny permissive joinder where it determines joinder would not foster the objectives of Fed. R. Civ. P. 20 but would instead "result in prejudice, expense, or delay"]; Fed. R. Civ. P. 21 ["On motion or on its own, the court may at any time, on just terms, add or drop a party."]. If the Court adopts this Recommendation, the Clerk of Court should be directed to maintain this case as the "lead case" brought by the Plaintiffs (including Hamm with respect to the causes of action servable by all

---

[12]In actuality, this caveat only applies to the Plaintiff Hamm, whose individual claims have been discussed separately. See discussion, infra, and n. 8 supra.

14

Plaintiffs), and to open a new case for Hamm to which a separate civil action number should be assigned. As is set forth in the original Complaint, the Defendants in this new case would be the Defendants Scaturo, Poholchck, Abney, and Jacob (the Defendants named in these causes of action in the current Complaint). The Clerk of Court should determine the most efficient way and time for assigning a case number and entering the new case number, party information, and pleading information on the Court's docket in the Electronic Case Filing system. The Defendants named in that new case should then file a separate responsive pleading with respect to those allegations.

**Tenth and Eleventh Causes of Action.** Plaintiffs' **tenth** and **eleventh** causes of action are actually motions, in which Plaintiffs request the appointment of an expert and of a special master. Those motions are premature at this time, and should therefore be denied.

**Claims that should be dismissed.** In Plaintiffs' **first** cause of action for "inadequate treatment", Plaintiffs attach several letters, forms, and a grievance form from Plaintiff Hamm in which he complains generally about "not enough treatment". In the relief section for this claim, Plaintiffs[13] ask for "appropriate relief" under South Carolina law, to have the "treatment declared in violation of the constitutional minimum requirement", to have the "treatment" (unspecified) brought "within the same 31.5 hours of treatment a week" apparently, according to the Plaintiffs, provided in "Kansas", as well as monetary damages. It is unclear what to make of this claim, what "treatments" are at issue, or who among the 15 Defendants this claim is being asserted against.

Similarly, in their **second** cause of action for "lock-down/undue restraint", Plaintiffs assert a conclusory claim about "lock-downs", apparently due to staffing shortages, citing to the actions of numerous individuals (to include a "Ms. Outing", "Mr. Dawson", "Ms. Robinson", "Ms.

---

[13]The page actually says "Plaintiff" - apparently referring to Mr. Hamm.



15

Pratt", "Ms. Holloway", "Mr. Brantly", and numerous others) who are not named as parties in this case.[14] However, the Defendants in this case (other than, potentially, Defendant Scaturo, *if* a "lock-down" policy being complained about is a result of a policy she, as Director, implemented) cannot be held liable under § 1983 for the actions of others. These lock-downs also apparently occurred in different dorm units at different times over the course of at least two (2) years, and there is no way to discern which Plaintiffs may have been affected with respect to any particular event,[15] or whether sufficient allegations with respect to any particular event are presented to give rise to a constitutional claim.[16]

Finally, Plaintiffs' **eighth** cause of action purports to be a claim for breach of contract, but this claim is set forth in only the most general of terms and there is no indication anywhere in the text as to what particular "contractual" term has been breached with respect to Plaintiffs as a whole, or even with respect to any particular individual Plaintiff.

In sum, the allegations of these three causes of action (1, 2 and 8) are so incomprehensible, general and conclusory, and filled with what could only be considered by a reasonable person as unconnected, conclusory, unsupported statements, or "gibberish", that they do not state a cause of action. See Hagans, 415 U.S. at 536-537 [Noting that federal courts lack power

---

[14]Indeed, it appears from the (interspersed) typed sections of this cause of action that this language or narrative may have been taken from some of Plaintiff Hamm's other Court filings, many of which are still pending.

[15]All of the "exhibits" (interspersed with text) relating to this claim are Mr. Hamm's.

[16]For example, Plaintiffs have listed over 100 "events", which are presumed to be part of their "lock-down" claim, which show reasons for (presumably) inmates not being allowed more freedom of movement as "painting [being done] on a wing", "too hot to go outside", "S.C.D.C. Maintenance to install lights", and "Due to construction".



16

to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]; Small, 998 F.2d 411 [Court not required to construct a plaintiff's legal arguments for him or be "mind readers" for pro se litigants]; U. S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d at 378 [If a claim's lack of clarity makes it unintelligible, dismissal under Rule 8(a) is permitted]; Conner, No. 03-59886, 2004 WL 898866, at ** 1 (6th Cir. Apr. 26, 2004) [Even where filing fee has been paid, district court may dismiss claims sua sponte where they are "totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion"], citing Apple, 183 F.3d at 479, cert denied, 528 U.S. 1198 (2000); see also Fitzgerald v. First East Seventh Street Tenant's Corp., 221 F.3d 362, 363-364 (2nd Cir. 2000) ["District courts . . . are . . . capable of determining when an action is frivolous . . . [and] . . . may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee . . . ."].

## Conclusion

Based on the foregoing, it is recommended that Plaintiff Hamm's motions for default judgment, class certification, and appointment of counsel (ECF Nos. 16 and 24) be **denied**.

It is also **recommended** that Plaintiffs' fourth, fifth (except for those allegations which relate solely to Plaintiff Hamm), sixth, seventh, ninth, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth and twenty-first causes of action proceed on behalf of all named Plaintiffs (with respect to the general claims asserted therein) as is set forth and discussed hereinabove, and against the individual Defendants named in each cause of action (as identified hereinabove).

Plaintiffs' tenth and eleventh causes of action (which are actually motions) should be **denied** at this time.

17

Plaintiffs' third cause of action (which only relates to Plaintiff Hamm), as well as those allegations set forth in Plaintiffs' fifth cause of action that relate solely to Plaintiff Hamm, should be **severed**, with Plaintiff Hamm to pursue those claims individually in a separate cause of action, all as is more fully set forth hereinabove.

Finally, Plaintiffs' first, second and eighth causes of action should be **dismissed**, without prejudice, for the reasons stated.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 20, 2016
Charleston, South Carolina



18

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

