IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2016 FEB 12  P 12:48

| | |
|---|---|
| Michael E. Hamm, *a/k/a Michael Eugene Hamm*; Jimmy E. Blessing; Steve Miller; Robert Ferguson; David Morris; Kenneth Campbell, <br><br> Plaintiffs, <br><br> v. <br><br> Ms. Holly Scaturo, *Director*; Ms. Poholchck, *BMC*; Ms. Helff, *BMC*; Capt. Abney, *Dept. Of Public Safety*; Lt. Jacobs, *Dept. Of Public Safety*; Dr. Gothard, *Psychologist*; Ms. Jones, *Case Manager/CC*; Wheeler, *Case Manager*; Ms. Goodwin, *Case Manager*; Mr. Jones, *Case Manager*; Ms. Nance, Case Manager; Ms. Sutton, Case Manager; Ms. Fredricks, *Case Manager*; Mr. Morton, *Activity Therapy Supervisor*; Ms. Gamer, *Paralegal*, <br><br> Defendants. | Civil Action No. 9:15-4079-RMG <br><br><br><br><br><br> **ORDER** |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Plaintiff Michael Hamm's motion for a default judgment, motion for class certification, and motion for appointment of class counsel be denied; that certain of Mr. Hamm's claims be dismissed without prejudice; that certain of Mr. Hamm's claims from this action be severed; and that all purported Plaintiffs in this action be allowed to proceed together with certain other claims. As explained below, the Court adopts the Report and Recommendation in part and declines to adopt it in part.

I.   **Background**

Plaintiffs, eight inmates of the South Carolina Department of Mental Health's Sexually Violent Predator Treatment Program, originally filed this action in the South Carolina Court of

Common Pleas. The Sexually Violent Predator Act provides for involuntary civil commitment of certain persons convicted of sexually violent crimes. Individuals committed under the Act are confined at the Broad River Road Correctional Institution in Columbia, South Carolina. Defendants, officials of the State of South Carolina, removed this action, asserting Federal question jurisdiction on the grounds that Plaintiffs' Complaint makes claims under the First and Fourteenth Amendments.

The Complaint, almost three-hundred pages, asserts twenty-one separate causes of action against fifteen Defendants. In sum, the allegations are inadequate access to legal resources, failure to perform mental examinations required by State statute, First Amendment violations, unconstitutional confinement, equal protection claims, and various conditions of confinement claims. Defendants answered the complaint on October 8, 2015. Now pending are motions for default judgment, class certification, and appointment of class counsel. The Magistrate Judge issued a Report and Recommendation on January 20, 2016. Plaintiff Hamm timely objected to the Report and Recommendation on February 8, 2016.

## II.  **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he

district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### III. Discussion

As an initial matter, the Court declines to adopt the Magistrate Judge's recommendation that all Plaintiffs be allowed to proceed together with certain claims. As a general matter, the Court would agree with permissive joinder of actions in which several inmates seek the same relief from shared conditions of confinement. But a *pro se* plaintiff cannot present the claims of other persons and then have those claims joined to his own cause. *See Carroll v. United States*, No. 5:14-cv-2167-JMC, 2015 WL 854927, at *9 (D.S.C. Feb. 27, 2015) (["P]ro se litigants, whether prisoners or non-prisoners, may not represent other pro se litigants in federal court, regardless of whether such attempted representation is raised by way of a class-action request or by attempted joinder of multiple [] plaintiff[s] under Rule 20 or by consolidation of claims under Rule 42 . . . ."). Each plaintiff named by Mr. Hamm's complaint must either complain of his own action by filing his own complaint or have a member of the bar initiate his action before this Court can take cognizance of his claims. And claims must be presented to this Court in cognizable manner before the Court can consider joinder of those claims. The Court will not permit Mr. Hamm to represent—and thereby risk—the legal interests of other persons merely by adding those other persons as additional signatories on his court filings. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."). The Court therefore dismisses all claims attributed to Plaintiffs Jimmy Blessing, William Brinson, Steve Miller, Robert Ferguson,

and Kenneth Campbell without prejudice, leaving Mr. Hamm as the sole Plaintiff in this action and making severance of his individual claims unnecessary.[1]

Otherwise, the Court adopts the reasoning and conclusions of the Report and Recommendation. All of Mr. Hamm's pending motions are denied for the reasons explained in the Report and Recommendation, specifically: Mr. Hamm's motion for default judgment is denied as Defendants never defaulted; Mr. Hamm's motion for class certification is denied because a pro se plaintiff cannot represent a class in this Circuit (*see Oxendine*, 509 F.2d at 1407); Mr. Hamm's motion for appointment of class counsel is denied because he cannot be a class representative, and because this case presents no "exceptional" circumstances warranting appointment of counsel for an indigent Plaintiff in a civil action (*see Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)); and, as noted in the Report and Recommendation, Mr. Hamm's tenth and eleventh causes of action are actually motions for the appointment of an expert and of a special master, premature motions at this time, and so those causes of action are dismissed without prejudice to future motions for such relief brought at an appropriate time.

Mr. Hamm's first, second, and eighth causes of action are dismissed without prejudice, for the reasons stated in the Report and Recommendation—those causes of action "are so incomprehensible, general and conclusory, and filled with what could only be considered by a reasonable person as unconnected, conclusory, unsupported statements, or 'gibberish', that they did not state a cause of action." (R. & R. 16.) Mr. Hamm objects that "sees the error" with these causes of action (at least in part), and he asserts that his proposed amended complaint corrects and he asks for leave to amend. (Obj. to R. & R. 2.) The Magistrate Judge denied a previous motion

---

[1] Plaintiffs William Hunnicutt, Ronald Owen, David Morris, and Mark Sharpe have already been terminated from this action.

to amend (Dkt. No. 25) because it was not signed by all Plaintiffs. Multiple-signature issues will no longer impede Mr. Hamm's ability to file motions. Since the dismissal of these causes of action—and the previous denial of Mr. Mann's motion to amend—is without prejudice, Mr. Hamm is not barred from again moving to amend the Complaint to correct his first, second, and eighth causes of action.

### IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. No. 28).

**IT IS ORDERED** that all claims by Plaintiffs Jimmy Blessing, William Brinson, Steve Miller, Robert Ferguson, and Kenneth Campbell are **DISMISSED WITHOUT PREJUDICE** and those Plaintiffs are **TERMINATED** from this action; that the first, second, and eighth, tenth, and eleventh causes of action complained of in the Complaint are **DISMISSED WITHOUT PREJUDICE**; that the motion for default judgment (Dkt. No. 16) is **DENIED**; that the motion to certify class (Dkt. No. 16) is **DENIED**; that the motion for the appointment of counsel (Dkt. No. 16) is **DENIED**; that the first, second, and eighth, tenth, and eleventh causes of action complained of in the Complaint are **DISMISSED WITHOUT PREJUDICE**; and that the Court **RECOMMITS** the case to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 12, 2016
Charleston, South Carolina